**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

ARTHUR LEE GRIGGS,          *
(# 129969)                  *
    Petitioner          *
                  *
vs.                         *     CIVIL ACTION NO.12-00085-WS-B
                  *
TONY PATTERSON,             *
    Respondent.         *

## Report and Recommendation

Arthur Lee Griggs, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Docs. 1, 3). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Having carefully considered Griggs' petition, Respondent's answer, and the exhibits filed herein, the undersigned finds that Griggs' petition is untimely. Therefore, it is recommended that Griggs' habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent and against

Petitioner, Arthur Lee Griggs, pursuant to 28 U.S.C. §
2244(d).

**I. BACKGROUND FACTS**

In 1983, Petitioner Griggs was charged with first-
degree robbery (case number CC-82-3593), and unlawful
possession of a controlled substance (case number CC-82-
3594). (Doc. 3 at 53, 55). The circuit court appointed
counsel to represent Griggs in both cases, and consolidated
the cases for trial. (Doc. 3 at 27, 41). Griggs ultimately
pleaded guilty to both charges, and on June 1, 1983, he was
sentenced to 20 years imprisonment for each offense.[1] (Doc.
3 at 2, 25, 56, 62; Doc. 14-1 at 3,4, 9, 10)). Griggs did
not file a direct appeal following his convictions and
sentences. (Doc. 3 at 3). He did, however, file two Rule
32 petitions, one on February 15, 2000, and another on
March 23, 2001. Both were ultimately denied by the state
courts. (Doc. 14-2 at 2). On June 5, 2008, Griggs filed a
federal habeas petition and raised six claims all related
to his conviction and sentence for unlawful possession of a
controlled substance in case number CC-82-3594. (Doc 14-2
at 1-2). The court held that Griggs' drug conviction

---

[1] Griggs is currently serving a life sentence without parole
as a habitual offender for a subsequent criminal
conviction. (Doc. 3 at 11).

became final on July 13, 1983, the last day he could have appealed his conviction, and that because his Rule 32 petitions were filed beyond the one year limitation period, they did not toll the statute of limitations. Thus, his habeas petition was dismissed as time-barred. (Id. at 7).

On November 16, 2009, Griggs filed a third Rule 32 petition that was ultimately denied by the trial court. On appeal, the Alabama Court of Criminal Appeals upheld the denial, and the Alabama Supreme Court denied certiorari review on December 9, 2011. (See Docs. 14-7; 14-8; 14 at 6).

On February 13, 2012, Griggs filed the instant habeas petition. Griggs claims, in relation to his 1983 convictions for robbery and possession of substance abuse that he was denied his Sixth Amendment right to counsel at his initial court appearance and at his preliminary hearing. (Doc. 3 at 7). He also asserts that he is actually innocent of the offenses for which he was convicted, and that he would not have "suffered the unconstitutional convictions" had he been represented by counsel. (Doc. 3 at 12). In his response, Respondent argues that Griggs' petition should be dismissed as successive and untimely. (Doc. 14 at 5).

## II. DISCUSSION

As a preliminary matter, the undersigned finds that Griggs' petition is successive with respect to his conviction and sentence for unlawful possession of a controlled substance because as noted, he previously filed, on June 5, 2008, a federal habeas petition challenging that very conviction and sentence, and upon review, the Court determined that the petition was time-barred. Thus, the petition was dismissed. (Doc. 14-2 at 7). "'Before a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir. 1999) (quoting 28 U.S.C. § 2244(b)(3)(A)), cert. denied, 528 U.S. 1085 (2000). Griggs has not alleged nor make any attempt to demonstrate that he obtained an order from the Eleventh Circuit authorizing this Court to consider his petition, as it relates to his drug conviction and sentence; thus, the petition is due to be dismissed as successive with respect to Griggs' drug conviction and sentence.

While the Respondent argues that the petition is also successive with respect to Griggs' robbery conviction and sentence, the undersigned disagrees. In McCloud v. Hooks, 560 F.3d 1223 (11th Cir. 2009), the Eleventh Circuit held that where criminal charges had been consolidated for trial, the trial court's entry of two separate judgments severed the consolidation as a matter of law. Id., 560 F.3d at 1229-30. Based on McCloud, the undersigned finds that while Griggs' robbery and drug cases were consolidated for trial, they retained separate case numbers, and the judge issued sentences in both cases. (Doc. 14-1 at 2, 3, 9, 10). Thus, Griggs' 1983 convictions and sentences for drug possession and robbery yielded separate judgments for purposes of determining the successive nature of a habeas pleading. Accordingly, the undersigned finds Griggs' instant petition is successive as to his drug judgment, but is not successive as to his robbery judgment.

The undersigned further finds that although Griggs' petition is not successive as to the robbery judgment, the petition is nevertheless due to be dismissed because it is time-barred. Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The AEDPA, a state prisoner seeking a federal habeas corpus relief must file his federal petition within one year of the

"conclusion of direct review or the expiration of the time for seeking such review."[2]  The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

---

[2]  Section 2254 was amended by the AEDPA, which became effective April 24, 1996. Henderson v. Campbell, 353 F.3d 880, 890 (11th Cir. 2003).  Since Griggs filed this petition on February 13, 2012, this action is governed by AEDPA.

> pertinent judgment or claim is pending shall
> not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244 (d).

In the instant action, Griggs has not alleged that the government impeded the filing of his 2245 motion, that a retroactive new constitutional right exists in his case, or that he discovered new evidence formerly unavailable to him. Accordingly, the Court will calculate the timeliness of his petition from the date on which his judgment became final.

For prisoners convicted prior to the enactment of the AEDPA, the statute of limitations is considered to run from the Act's effective date of April 24, 1996. Drew v. Dep't of Corrections, 297 F.3d 1278, 1283 (11th Cir. 2003); Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1085, 120 S. Ct. 811, 145 L. Ed. 2d 683 (2000). In other words, AEDPA's one-year statute of limitation expires on April 23, 1997, for habeas petitions filed by those inmates convicted prior to AEDPA's enactment date. As noted supra, in relation to Griggs' first federal petition, the Court determined that Griggs' drug conviction, which was issued on the same day as his robbery conviction, became final on July 13, 1983, the last day he

could have appealed his convictions. Griggs did not file the instant habeas corpus petition until February 13, 2012, over fourteen (14) years after the expiration of the statutory period.

Section 2244(d)(2) of the AEDPA tolls the limitations period for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). See In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). However, Griggs filed no petitions that would toll AEDPA's limitation period.[3] He did, however, file three Rule 32 petitions, one on February 15, 2000, another on March 23, 2001, and one on November 16, 2009, all three of which were ultimately denied as meritless by the state courts. While Griggs' final Rule 32 petition was not decided on until December 9, 2011, within one year of the filing of the instant habeas petition, it had no tolling effect because the limitations period had already expired in 1997. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). "[E]ven 'properly filed' state-

---

[3] Griggs' Rule 32 petition, which was filed in November 2009, was not decided until 2011. Although it was filed within one year of the filing of the instant petition, it did not alter or otherwise modify his convictions or sentencing. Thus, it did not restart the running of the limitations period.

court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state-court petition...that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Id.; see also Tinker v. Moore, 255 F.3d 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.") (citation omitted).  Accordingly, Griggs' first Rule 32 petition, filed in February 2000, did not toll the limitations period because the limitations period had already expired in 1997 by the time the Rule 32 petition was filed.  The same holds true for Griggs' 2001 and 2009 Rule 32 petitions.  Thus, Griggs' federal habeas petition was untimely filed.

Before recommending dismissal of Griggs' petition for habeas relief as untimely, the undersigned must determine whether Griggs has pled extraordinary circumstances that require a contrary conclusion.  Thus, unless Griggs can

demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); see also Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998) ("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient."). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition,

rather than the circumstances surrounding the underlying conviction." <u>Helton v. Sec'y of Dep't. of Corrections</u>, 259 F.3d 1310, 1314 (11th Cir. 2001), <u>cert. denied</u>, 535 U.S. 1080 (2002); <u>Drew</u>, 297 F.3d at 1286-87.

The facts presented by Griggs do not evidence extraordinary circumstances beyond his control which made it impossible for him to file the instant petition for a writ of habeas corpus in a timely manner, nor do they present a sufficient basis upon which to conclude that he used due diligence in pursuing habeas corpus relief in a timely manner. Griggs' judgments became final over twenty-eight (28) years ago. Griggs does not illustrate any extraordinary circumstances, which restricted his ability to file this petition by April 24, 1997. In fact, the Court finds no evidence that indicates unavoidable circumstances beyond Griggs' control that made it impossible for him to file this action within AEDPA's time limit.[4]

---

[4] Griggs wrongly relies on <u>Rothgery v. Gilliapie Cnty. Tex.</u>, 554 U.S. 191, 128 S. Ct. 2578, 171 L. Ed. 2d 366 (2008) for support of his claims and possibly the timing of bringing this habeas action. (Doc. 3 at 14). The United States Supreme Court has long "held that the right to counsel guaranteed by the Sixth Amendment applies at the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty. <u>See</u> <u>Brewer v.</u> <u>Williams</u>, 430 U.S. 387, 398-399, 97 S. Ct. 1232, 51 L. Ed.

Griggs' only argument for equitable tolling is that he is actually innocent of the convictions and would not have "suffered the unconstitutional convictions" had he been represented by counsel. (Doc. 3 at 12). To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808

---

2d 424 (1977); Michigan v. Jackson, 475 U.S. 625, 629, n.3, 106 S. Ct. 1404, 89 L. Ed. 2d 631 (1986); Coleman v. Alabama, 399 U.S. 1, 8, 90 S. Ct. 1999, 26 L. Ed. 2d 387 (1970) (plurality opinion) (right to counsel applies at preindictment preliminary hearing at which the "sole purposes . . . are to determine whether there is sufficient evidence against the accused to warrant presenting his case to the grand jury, and, if so, to fix bail if the offense is bailable"). Rothgery expounds on these cases by going a step further to hold that "attachment of the right [to counsel] also requires that a public prosecutor (as distinct from a police officer) be aware of that initial proceeding or involved in its conduct." 554 U.S. at 194-95. Therefore, the right to counsel at the attachment is not a "newly recognized [right] by the Supreme Court" as to give rise to a new final date of judgment for Griggs' petition. § 2244(d)(1)(C) (§ 2244(d)(1)(A), (C) states, "[t]he limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

(1995); see also id., 513 U.S. at 327 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). Griggs has not come forward with any evidence that establishes his actual innocence and thereby undermines his robbery or controlled substance convictions. In fact, Griggs simply makes the conclusory argument that if he had had counsel at his first court appearances, he would not have been convicted of the charges. (Doc. 3 at 12). This conclusory allegation falls short of properly alleging an actual innocence argument. Accordingly, this is not one of the rare cases in which the actual innocence exception is applicable, and the Court finds Griggs' habeas petition to be time-barred.

## I. **Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only

where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing

that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Griggs' petition does not warrant the issuance of a certificate of appealability as his claims are clearly successive and/or time-barred, because he has failed to seek permission from the Eleventh Circuit before filing his successive petition and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Griggs' petition should be dismissed and as a result, he is not entitled to a certificate of appealability.

## II. Conclusion.

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Petitioner's petition for habeas corpus be dismissed with prejudice as successive, in part, and time-barred and that judgment be entered in favor of the Respondent, Tony Patterson, and against the Petitioner, Arthur Lee Griggs. It is further recommended that any motion for a Certificate of Appealability or for permission to appeal *in forma pauperis* be denied.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L. R. 72.4. In order to be specific, an objection must identify the specific finding

or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this **27th** day of **February, 2014.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**