# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ARTHUR LEE GRIGGS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )     **CIVIL ACTION 12-0085-WS-B** |
| | ) |
| **TONY PATTERSON,** | ) |
| | ) |
| **Respondent.** | ) |

## ORDER

This closed habeas corpus matter comes before the Court on petitioner's Motion for Issuance of a Certificate of Appealability (doc. 24) and his Request to Proceed on Appeal *In Forma Pauperis* (doc. 23).

This Court has previously entered an Order (doc. 21) and Judgment (doc. 22) making specific findings that petitioner "is not entitled to a certificate of appealability" and "is not entitled to appeal *in forma pauperis*." (Doc. 22, at 1.) Petitioner, Arthur Lee Griggs, now moves the Court to revisit both of those determinations. With respect to denial of a Certificate of Appealability ("COA"), Griggs protests that making that determination contemporaneously with adjudication of his § 2254 petition "is not the normal course of procedure." (Doc. 24, at 2.) Petitioner is incorrect. The Rules Governing Section 2254 Cases in the United States District Courts expressly direct that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a). That is precisely what this Court did; therefore, petitioner's suggestion that it was procedurally abnormal or improper for this Court to adjudicate the COA issue at the same time that it denied the § 2254 petition is contrary to the rules.

More generally, the Court remains of the opinion that issuance of a COA is unwarranted in this case. Griggs has not made "a substantial showing of the denial of a constitutional right," including a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). To be sure, Griggs argues that *Rothgery v. Gillespie County, Tex.*, 554 U.S. 191, 128 S.Ct. 2578 (2008), announced a new rule recognizing a right to counsel at the initial appearance stage, and that this new rule re-started Grigg's one-year AEDPA clock pursuant to 28 U.S.C. § 2244(d)(1)(C). Petitioner misreads *Rothgery*, in which the Supreme Court acknowledged that in previous decisions dating back to 1986 and 1977, "we have twice held that the right to counsel attaches at the initial appearance before a judicial officer." 554 U.S. at 199. Under these circumstances, no reasonable jurist could debate whether *Rothgery* opened the AEDPA door for Griggs to initiate a § 2254 petition in 2012 alleging that his Sixth Amendment right to counsel was violated in an initial court appearance and preliminary hearing that occurred nearly 30 years earlier.[1]

As Griggs' alternative ground for appeal, he announces his intention to argue that the alleged deprivations of his Sixth Amendment right to counsel were of jurisdictional magnitude, so as to "create a Fundamental Miscarriage of Justice exception to the AEDPA Statutory preclusion provisions." (Doc. 24, at 2.) Both the Eleventh Circuit and the Supreme Court have "emphasized the narrow scope of the fundamental miscarriage of justice exception," have refused to extend it beyond the context of "factual innocence," and have linked it to actual innocence for the purpose of insuring that the exception "would remain rare and would only be applied in the extraordinary case." *McKay v. United States*, 657 F.3d 1190, 1198-99 (11th Cir. 2011) (citations omitted). Under the circumstances presented here, the Court finds that no reasonable jurist could debate whether Griggs has shown a fundamental miscarriage of justice that might toll the strict AEDPA filing deadline. (*See also* doc. 15, at 12-13.)

For all of these reasons, as well as those set forth in the Report and Recommendation (doc. 15) previously adopted by the undersigned, the Court remains of the opinion that petitioner has not made a substantial showing of the denial of a constitutional right, and that issuance of a

---

[1] Petitioner's assertion that he "was prohibited from filing his denial of counsel claim in state court" (doc. 24, at 3) until *Rothgery* was decided misses the point. For AEDPA purposes, what matters is whether there was an impediment to Griggs raising his claim in federal court via § 2254 petition, not whether the state court would have recognized the challenged right in a post-conviction petition filed there. Griggs could have filed a § 2254 petition raising his Sixth Amendment claim decades earlier, and *Rothgery* did not change that calculus in the slightest; therefore, this claim is obviously time-barred.

COA is unwarranted. Accordingly, the Motion for Certificate of Appealability is **denied**. Similarly, the Court remains of the opinion that Griggs' appeal from the denial of § 2254 relief is not taken in good faith because his asserted grounds for appeal are frivolous; therefore, the Motion for Leave to Proceed *In Forma Pauperis* is likewise **denied**.[2]

     DONE and ORDERED this 27th day of May, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact).